UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA HUSOK,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATION CASINOS, LLC; NP RED ROCK, LLC, d/b/a RED ROCK CASINO, RESORT AND SPA,<br><br>　　　　　　　　　　Defendants. | Case No. 2:20-cv-01939-KJD-DJA<br><br>**ORDER** |

Presently before the Court is Defendants' Motion for Summary Judgment (#36).[1] Plaintiff filed a response in opposition (#45), to which Defendants replied (57). For the reasons stated below, Defendants' Motion for Summary Judgment is granted in part and denied in part.

I.　　Factual and Procedural Background

This is a civil action brought by Plaintiff Joshua Husok, asserting a retaliation claim under 42 U.S.C. § 12101 (herein "ADA") and Nevada Revised Statute ("NRS") 613.330, against Defendants Station Casinos, LLC, and Red Rock, LLC (collectively, "Defendants").

In October 2017, Plaintiff was hired by Red Rock as a Manager of Internal Maintenance and alleges his job responsibilities included hiring personnel for his department. (#1, at 7). On or about February 9, 2018, Plaintiff interviewed an intellectually disabled woman, Zezy, for the position of a seasonal pool porter. Id. Plaintiff believed that the woman could perform the job duties of the porter position and would be a good fit for the department. Id. at 8. Roughly five days later, around February 13, 2018, Plaintiff extended a conditional offer of employment to the woman and sent her to Human Resources to complete the hiring process. Id.

---

[1] Defendants' Motion for Summary Judgment was filed alongside an appendix containing their exhibits. (#37).

A short time thereafter, Husok alleges that he was called into the office of Stacy King, Director of Human Resources for Red Rock, and informed that there was a special hiring process for "these" people. Id. at 8-9. Husok further alleges that King explained to him that "those" people are required to see a company doctor prior to being hired to ensure they can perform the job. Id. at 9. Husok alleges he "objected" to King's statements and expressed to King that he believed the law required everyone to be treated the same. Id. On February 15, 2018, Husok was informed that this employment was terminated. Id.

On October 20, 2020, Husok brought suit against Defendants, alleging that Defendants retaliated against him for opposing what he believed to be Defendants' unlawful discrimination in violation of the ADA and NRS 613.330. Id. at 9-10. Defendants now argue that they are entitled to summary judgment, because (1) Station Casinos is not liable for the legal violations of its subsidiary, (2) NRS 613.330 does not provide for a retaliation claim, and (3) Husok has not established a prima facie case of retaliation. (#36, at 10-13).

II.     Legal Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "Where evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that 'issue is

inappropriate for resolution on summary judgment.'" Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (quoting Direct Techs., LLC v. Elec. Arts, Inc., 836 F.3d 1059, 1067 (9th Cir. 2016)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 477 U.S. at 255.

III.  Analysis

**A. Station Casinos' Parent-Subsidiary Relationship**

Defendants argue that because Station Casinos is merely a parent company, and not Husok's employer, it is not liable for the alleged legal violations by its subsidiary—Red Rock. (#36, at 10). The Court agrees. In the absence of special circumstances, "a parent-subsidiary relationship is insufficient to impute liability to the parent corporation." Murray v. Mayo Clinic, 784 F. App'x 995, 998 (9th Cir. 2019). Special circumstances that the court should consider may include: (1) proof of alter-ego liability; (2) evidence that the parent is liable for the debts of the subsidiary; (3) whether the parent has undercapitalized the subsidiary in a way that defeats potential recovery by the plaintiff; and (4) whether the parent participated in or influenced the employment policies of the subsidiary. Ozkan v. Am. Casino & Ent. Properties, LLC, No. 2:14-CV-00187-JCM-GWF, 2014 WL 4105065, at *3 (D. Nev. Aug. 19, 2014) (quotations omitted). Although Husok's Complaint specifically names Station Casinos as a defendant, his single cause of action fails to include allegations of any special circumstances and merely refers to Defendants generally. Furthermore, Husok's response fails to address Defendants' parent-subsidiary argument at all. Therefore, summary judgment is granted for Station Casinos on Plaintiff's retaliation claim.

**B. NRS 613.330**

Defendant argues, without citing any legal precedent, that NRS 613.330 does not provide for a retaliation claim. (#37, at 10). The Court disagrees. Although a retaliation claim is not expressly stated in NRS 613.330, courts in this district have previously found that retaliation claims can be brought under NRS 613.330. See Campos v. Town of Pahrump, 274 F. Supp. 3d 1106, 1115-17 (D. Nev. 2017) (addressing retaliation claim under the ADA and NRS 613.330); Sloan v. Eugene Burger Corp., No. 3:12-CV-00336-MMD-WGC, 2014 WL 794222, at *6 (D.

1  Nev. Feb. 26, 2014) (denying summary judgment as to plaintiff's first, second, third, and fourth
2  claims for sexual harassment and retaliation under Title VII and NRS 613.330). Therefore,
3  summary judgment is denied.

### C.  ADA Retaliation Claim

The crux of Defendants' Motion for Summary Judgment is that Husok never engaged in a protected activity and as such, has not established element one of his prima facie case. (See #45, at 10-13). To establish a prima facie case of retaliation under the ADA, Husok must show that "(1) he . . . engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 849 (9th Cir. 2004). If Husok establishes a prima facie case, Husok will avoid summary judgment unless Defendants offer legitimate reasons for the adverse employment action, whereupon the burden shifts back to Husok to demonstrate a triable issue of fact as to whether such reasons are pretextual. Id. Defendants attempt to argue that it is undisputed that King never made any discriminatory comments and refers to the deposition testimony of King, Antonio Nunez, Sammy Flores, and Erika Hernadez, as evidence that King did not make such remarks. (#36, at 7-8, 12). The Court disagrees.

In his Complaint, Husok alleges that he was called into King's office and informed that there was a special hiring process for "these" people. (#1, at 8-9). Husok further alleges that King explained to him that "those" people are required to see a company doctor prior to being hired to ensure they can perform the job. Id. at 9. Husok alleges he "objected" to King's statements and expressed to King that he believed the law required everyone to be treated the same. Id. Husok's deposition testimony reasserts that this discussion did in fact take place. (See #45-3, at 20). Furthermore, in establishing the first element of his prima facie case, Husok does not need to prove that the employment practice at issue—King's statements regarding Zezy—was in fact unlawful under the ADA. Trent v. Valley Elec. Ass'n Inc., 41 F.3d 524, 526 (9th Cir. 1994). Husok must only show that he had a "reasonable belief" that the employment practice he protested was prohibited under the ADA. Id. The record in this case supports a finding that Husok had such a reasonable belief.

As it is undisputed that opposing any act or practice by the employer that violates the ADA is a protected activity, a finding that King did or did not make the alleged comments is vital in determining whether Husok engaged in a protected activity. See <u>LeBarron v. Interstate Grp., LLC</u>, 529 F. Supp. 3d 1163, 1173 (D. Nev. 2021); 42 U.S.C. § 12203(a). However, because there is conflicting testimony as to what King said, resolution of this issue is inappropriate on summary judgment. See <u>Zetwick</u>, 850 F.3d at 441. The Court's concern when evaluating a motion for summary judgment is whether there exists genuine issues of material fact for a juror to find in favor of the nonmoving party. Husok has presented evidence that there are disputed facts. Therefore, summary judgment is denied.

### IV.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (#36) is **DENIED IN PART** and **GRANTED IN PART;**

**IT IS FURTHER ORDRED** that Defendant Red Rock's Motion for Summary Judgment is **DENIED;**

**IT IS FURTHER ORDERED** that Defendant Station Casinos' Motion for Summary Judgment is **GRANTED;**

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendant Station Casinos and against Plaintiff.

DATED this 29th day of September 2023.

                                                                _____
                                                                Kent J. Dawson
                                                                United States District Judge