UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA HUSOK,<br><br>                          Plaintiff,<br><br>     v.<br><br>NP RED ROCK, LLC, d/b/a RED ROCK CASINO, RESORT AND SPA, a Nevada Limited Liability Company,<br><br>                          Defendant. | Case No. 2:20-cv-01939-KJD-DJA<br><br>ORDER |

Presently before the Court is Plaintiff's Motion in Limine (ECF No. 84). Defendant filed a response in opposition. (ECF No. 90).

**I.    BACKGROUND**

This action concerns Plaintiff's claim for retaliation pursuant to the Americans With Disabilities Act of 1990, as amended by the ADA Amendment Act of 2008, 42 U.S.C. § 12101 *et seq.* ("ADA") and Nevada Revised Statute § 613.330. Plaintiff asserts that Defendant terminated his employment in violation of the ADA and analogous provisions under state law.

In order to prevail at trial, Plaintiff must prove by a preponderance of the evidence that:

(1) Plaintiff opposed what he reasonably believed to be an unlawful employment practice related to the hiring of a disabled person;

(2) Defendant subjected him to an adverse employment action; and

(3) Plaintiff was subjected to the adverse employment action because of his opposition to an unlawful employment practice.

*Trent v. Valley Electric Ass'n, Inc.*, 41 F.3d 524, 526 (9th Cir. 1994).

Plaintiff has alleged the following. Plaintiff interviewed and conditionally offered a disabled person, Zezy Farfan ("Farfan"), a Pool Porter position with Defendant Red Rock. The

next day, Plaintiff was called into a meeting with his supervisor and company human resources personnel. At the meeting, he was asked questions about the thought process and decision making he used in hiring Farfan. There was discussion about company policy in the hiring phase. Plaintiff believed the director of human resources used disparaging language to refer to Farfan and disabled people generally. Further, Plaintiff believed the hiring process Defendant used did not comply with federal and state law regarding people with disabilities. Plaintiff stated these beliefs in the meeting. Subsequently, Plaintiff was placed on leave and eventually terminated.

Plaintiff now moves to exclude three broad areas of testimony from trial:

> (1) any evidence regarding Farfan's prior training experience with Opportunity Village at Boulder Station;
>
> (2) any evidence as to any opinion of Farfan's abilities to perform the job of porter except for the opinion of Husok; and,
>
> (3) any evidence related to the consideration of hiring Farfan after Plaintiff's termination.

(ECF No. 84 at 1-9).

**II.    STANDARD**

"The court must decide any preliminary question about whether ... evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence before the jury. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions in limine. *See Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. *See* Fed. R. Evid. 402. However, relevant

evidence is inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III.   ANALYSIS

Plaintiff argues that each of these topics are irrelevant, and even if found to be relevant, the probative value is outweighed by the danger of prejudice, confusing the issues, and misleading the jury. Defendant asserts that evidence in the first two categories that Plaintiff seeks to exclude are relevant to whether Plaintiff held a reasonable belief that the employment practice that he protested was prohibited under the statute. Defendant has not specifically stated which evidence in these categories is relevant to whether Plaintiff's belief that Defendant's employment practices were unlawful was reasonable.

The question under Federal Rules of Evidence 401 and 403 is not whether, in a vacuum, evidence presents a risk of unfair prejudice. The question instead is whether the probative value of relevant evidence is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403. Rule 403 tolerates some risk of unfair prejudice if that risk does not substantially outweigh the probative value of the challenged evidence.

The parties in this action did not deliberate or act in a vacuum. The jury cannot decide the factual issues in this case in a vacuum. The evidence challenged in this motion will aid the jurors in conducting their assessment of the elements of Plaintiff's cause of action. The Court is not inclined to entirely preclude evidence related to these areas identified by Plaintiff where the evidence may be necessary to lay foundation or to understand the parties' actions and motivations. However, as the volume of evidence in these areas swells its probative value begins to be outweighed by the danger of misleading the jury, wasting time, and needlessly presenting cumulative evidence. The Court has no intention of allowing this to become a mini-trial on the issue of whether Farfan was qualified for the Pool Porter position. While excluding any reference to that issue may invite the jury to speculate, its relevance to the issue of whether Plaintiff reasonably believed Defendant's employment practices were unlawful is not strong enough to

justify cumulative evidence on the topic.

Similarly, the third category Plaintiff seeks to exclude, evidence showing that Farfan's hiring remained under consideration after the February 13th meeting, may be relevant to shed light on what happened at the meeting. However, the probative value of that evidence could end up being outweighed if it begins to mislead the jury or confuse them as to the ultimate issue in this case. As a result, depending on the quantity and quality of the evidence presented on these issues, the Court will construct a limiting instruction reminding the jury that it is only to consider the ultimate issue in this case and not whether Farfan was qualified for the position or was treated unfairly.[1]

As such, the Court denies Plaintiff's motion without prejudice to raising Rule 401 or 403 objections as needed during trial as specific evidence is presented.

IV.   **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion *in Limine* (ECF No. 84) is **DENIED without prejudice.**

DATED: June 13, 2025

Kent J. Dawson
United States District Judge

---

[1] The Court notes, and takes into consideration, Defendant's assertion that it will not call Farfan as a witness in this action.