UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA HUSOK,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NP RED ROCK, LLC, d/b/a RED ROCK CASINO, RESORT AND SPA, a Nevada Limited Liability Company,<br><br>　　　　　　　　　　Defendant. | Case No. 2:20-cv-01939-KJD-DJA<br><br>ORDER |

Presently before the Court is Defendant NP Red Rock LLC's Omnibus Motions in Limine (ECF No. 85). Plaintiff filed a response in opposition (ECF No. 89).

## I.   BACKGROUND

This action concerns Plaintiff's claim for retaliation pursuant to the Americans With Disabilities Act of 1990, as amended by the ADA Amendment Act of 2008, 42 U.S.C. § 12101 *et seq.* ("ADA") and Nevada Revised Statute § 613.330. Plaintiff asserts that Defendant terminated his employment in violation of the ADA and analogous provisions under state law.

In order to prevail at trial, Plaintiff must prove by a preponderance of the evidence that: (1) Plaintiff opposed what he reasonably believed to be an unlawful employment practice related to the hiring of a disabled person; (2) Defendant subjected him to an adverse employment action; and (3) Plaintiff was subjected to the adverse employment action because of his opposition to an unlawful employment practice. *Trent v. Valley Electric Ass'n, Inc.*, 41 F.3d 524, 526 (9th Cir. 1994).

Plaintiff has alleged the following. Plaintiff interviewed and conditionally offered a

disabled person, Zezy Farfan ("Farfan"), a Pool Porter position with Defendant Red Rock. The next day, Plaintiff was called into a meeting with his supervisor and company human resources personnel. At the meeting, he was asked questions about the thought process and decision making he used in hiring Farfan. There was discussion about company policy in the hiring phase. Plaintiff believed the director of human resources used disparaging language to refer to Farfan and disabled people generally. Further, Plaintiff believed the hiring process Defendant used did not comply with federal and state law regarding people with disabilities. Plaintiff stated these beliefs in the meeting. Subsequently, Plaintiff was placed on leave and eventually terminated.

Defendant now moves to exclude four areas of testimony from trial:

(1) evidence that Husok was offered severance and deemed eligible for rehire;

(2) evidence that Farfan has a pending action against Defendant;

(3) Jennifer Johnson's deposition testimony that Farfan could perform the Pool Porter position which contradicted her prior statements and interrogatory answers; and

(4) testimony by Husok that his termination was unfair or without cause.

(ECF No. 85 at 1-6).

## II. STANDARD

"The court must decide any preliminary question about whether ... evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence before the jury. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions in limine. *See Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.

R. Evid. 401. Only relevant evidence is admissible. *See* Fed. R. Evid. 402. However, relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. ANALYSIS

#### A. Evidence of severance and eligibility for rehire admissible if contemporaneous with termination

When he was fired in 2018, Husok was deemed eligible for rehire and was offered nominal severance pay in exchange for a release. Plaintiff seeks to exclude this evidence as unduly prejudicial by inviting the jury to decide the case on an improper basis. *See* Fed. R. Evid. 403. Generally, Federal Rule of Evidence ("Rule") 408 prohibits evidence of offers of consideration to settle a claim to prove the validity of the claim. *See* Fed. R. Evid. 408(a)(1). However, the Ninth Circuit recognizes an exception where "an employment relationship is terminated and the employer offers a contemporaneous severance pay package in exchange for a release of all potential claims, including claims for discriminatory acts that may have occurred at or before the termination." *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1342 (9th Cir. 1987).

Therefore, the Court denies Defendant's motion to exclude evidence of the severance package and eligibility for rehire if the foundation for the testimony establishes that they were offered contemporaneously with Plaintiff's termination and before he had asserted a claim for retaliation. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291-92 (9th Cir. 2000) (settlement offer not made contemporaneously with termination and after plaintiff had asserted claim for discrimination excluded).

#### B. Evidence that Farfan has a pending action against Red Rock may be admissible

Plaintiff seeks to bar evidence that Farfan has a pending action against Red Rock under Rule 403. However, the fact that Farfan's claims against Red Rock are still pending may be necessary to rebut statements or insinuations by witnesses that Red Rock does not discriminate against disabled people or Farfan particularly. While Farfan's claims are not to be resolved in this

action, evidence that her discrimination claims are still pending may be necessary so the jury is not enticed to find for Plaintiff or for Defendant based on their belief that she was or was not qualified for the Pool Porter position. The Court will consider a curative instruction addressing the issue of Farfan's pending litigation.

### C.   Evidence of Johnson's Deposition Testimony is Relevant if she Testifies

Defendant seeks to exclude statements made in Jennifer Johnson's deposition testimony that Farfan was able to perform the duties of the Pool Porter position which were contrary to other statements that she made on the same subject. To the extent that Johnson testifies, the statements that she made are relevant and admissible. The inconsistencies go to the weight of her testimony, a determination to be made by the jury. As such, Defendant's motion to exclude this evidence is denied.

### D.   Husok will be allowed to fully testify about his termination

Defendant seeks to limit Husok from arguing or testifying that his termination was "unfair" or "without cause or merit." (ECF No. 85 at 5). To the extent that Husok testifies regarding the reasons for his termination, unfair behavior or lack of cause and merit, is evidence that goes to the ultimate issue of whether or not Husok was terminated for opposing practices that he reasonably believed violated the law. The jury is capable of distinguishing that "unfair" treatment is different from illegal conduct. As such, the Court denies Defendant's motion to limit Husok's characterization of his termination.

### E.   Objections may be renewed at trial based on foundation and testimony

It is well settled that rulings on motions *in limine* are provisional. Any such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d at 846. Here, the Court will consider the relevance of testimony as foundation is adduced and facts presented. The parties may renew objections based on the

evidence and testimony actually presented during the course of trial.

IV. **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendant NP Red Rock LLC's Omnibus Motions in Limine (ECF No. 85) is **DENIED without prejudice.**

DATED: June 13, 2025

_____
Kent J. Dawson
United States District Judge