UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA HUSOK,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>STATION CASINOS, LLC, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:20-cv-01939-KJD-DJA<br><br>ORDER |

　　　Presently before the Court is Plaintiff's First Motion to Amend (ECF No. 117). Defendant filed a response in opposition (ECF No. 119) to which Plaintiff replied (ECF No. 122). Also before the Court is Defendant's Renewed Motion for Judgment as a Matter of Law (ECF No. 120). Plaintiff filed a response in opposition (ECF No. 123). Finally, before the Court is Defendant's Motion to Reduce Damages Pursuant to 42 U.S.C. § 1981a(b) (ECF No. 121). Plaintiff filed a response in opposition (ECF No. 124).

**I.　Motion to Amend & Motion for Judgment as a Matter of Law**

　　　Both motions address the same issue: when Plaintiff's complaint (ECF No. 1 at 4) was initially filed it stated in the portion of the complaint devoted to jurisdictional allegations that the complaint was brought to address retaliation in violation of the Americans with Disabilities Act and Nevada Revised Statute § 613.330. However, NRS 613.330 covers acts of discrimination, not retaliation. Acts of retaliation are actionable pursuant to NRS **613.340**. After citing the relevant facts as prescribed by Rule 8 of the Federal Rules of Civil Procedure, Plaintiff asserted his first cause of action as "Retaliation in Violation of the Americans with Disabilities Act and Nevada State Statutes[.]" The section does not elaborate on the statute other than to say the claim is brought to recover damages based on retaliation for Plaintiff's protected conduct in opposing unlawful disability discrimination.

Defendant moved for summary judgment on the state law claim for retaliation based on the error in identifying the statute. However, the Court denied Defendant's motion finding that other courts had allowed retaliation claims to proceed in similar circumstances. (ECF No. 58 at 3-4). Defendant renewed the argument prior to trial, during the trial, and now moves for judgment as a matter of law. Plaintiff has moved to amend his complaint to fix the citation to the correct portion of the statute.

**Standard for a Motion to Amend**

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 181-182 (1962). Rule 15(a) declares that leave to amend "shall be freely given when justice so requires. Fed. R. Civ. Pr. 15(a)(2). "This mandate is to be heeded." Foman, 371 U.S. at 182. Rule 15 places leave to amend within the sound discretion of the trial court and directs that "[t]he courts should freely give leave [to amend] when justice so requires." *PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 417 F.2d 659, 664 (9th Cir. 1969), cert. denied, 397 U.S. 918, 90 S.Ct. 924, 25 L.Ed.2d 99 (1970); *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits, rather than on the pleadings or technicalities. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 102-103, 2 L.Ed.2d 80 (1957). Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *See Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam).

In determining whether to grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) whether the plaintiff has previously amended the complaint, and (5) futility of amendment. *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir.2003). The factors do not weigh equally, and, among the other factors, the Ninth Circuit apportions the greatest weight to potential prejudice. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Howey v. United States*, 481 F.2d 1187 (9th Cir.

1973). Absent futility, a factually supported showing of prejudice, or a heavy influence of the other factors, there is a strong presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). However, the Court does give weight to the diligence of the party seeking amendment when the motion is made after the deadline to amend in the scheduling order. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**Analysis**

Here, the Court must weigh prejudice to Defendant if the amendment is allowed versus the lack of diligence of Plaintiff in seeking the amendment. However, the facts and history of this case show that Defendant has suffered little to no prejudice by any delay in amendment or by the inclusion of 613.330 in the complaint. The complaint, read as a whole, makes clear that Plaintiff's claims are based on retaliation pursuant to state and federal law. Defendant has not claimed that correct citation of the statute in the complaint would have altered the way that it defended the action. From the beginning and through trial, Defendant ably defended a disability retaliation claim. While Plaintiff could have sought amendment earlier, he had little reason to do so after the Court denied Defendant's motion for summary judgment on this issue. Accordingly, the Court grants Plaintiff's motion to amend and denies Defendant's motion for judgment as a matter of law.

**II.    Motion to Reduce Damages Pursuant to 42 U.S.C. § 1981a(b)**

At trial, the jury awarded Plaintiff $43,000.00 in compensatory damages and $750,000.00 in punitive damages. Nevada revised statute 613.432 provides that in a case brought under Chapter 613, a prevailing plaintiff is entitled to the legal and equitable relief afforded under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 1981a(a)(1) provides that "the complaining party may recover compensatory damages and punitive damages as allowed in subsection (b)[.]" Under subsection (b)(3)(D), "[t]he sum of the amount of compensatory damages . . . and the amount of punitive damages" shall not exceed $300,000.00 for an employer with more than 500 employees. Defendant now seeks to have judgment issued on the jury verdict, based on the cap or limit set pursuant to 42 U.S.C. § 1981a.

Since damages are limited by 42 U.S.C. § 1981a, the Court grants Defendant's motion. The

Clerk of the Court shall issue judgment based on the jury's verdict in the total amount of $300,000.00.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's First Motion to Amend (ECF No. 117) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Renewed Motion for Judgment as a Matter of Law (ECF No. 120) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Reduce Damages Pursuant to 42 U.S.C. § 1981a(b) (ECF No. 121) is **GRANTED**.

IT IS FINALLY ORDERED that the Clerk of the Court shall enter **JUDGMENT** for Plaintiff and against Defendant in the amount of $300,000.00 ($43,000 in compensatory damages and $257,000.00 in punitive damages).

DATED: October 1, 2025

_____
Kent J. Dawson
United States District Judge