UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA HUSOK,<br><br>                              Plaintiff,<br><br>   v.<br><br>NP RED ROCK, LLC, d/b/a RED ROCK CASINO, RESORTAND SPA,<br><br>                              Defendant. | Case No. 2:20-cv-01939-KJD-DJA<br><br>ORDER |

       Presently before the Court is Plaintiff's Motion to Amend Judgment to Include Equitable Remedy of Backpay. The court has reviewed the Motion (#134), Defendant's Opposition (#136), and Plaintiff's Reply (#139).

       Plaintiff's Motion to Amend Judgment to Include Equitable Remedy of Backpay is based on the testimony of Plaintiff at trial that his economic harm from being fired by Defendant was $43,000.00 taking into account the mitigation he provided by obtaining subsequent employment. The jury was instructed that if they found for Plaintiff on the retaliation claim, they should determine the amount of Plaintiff's damages, if any, by considering the nature and extent of the injuries, the mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future. These are considered hedonic or noneconomic damages. The jury was further instructed (#112, JI No.17) that it is for the court to determine the amount of any backpay or front pay, to wit , economic damages.  The Special Verdict Form (#114) reflects that the Jury found past noneconomic loss, including emotional or mental pain, suffering, anguish or hurt feelings, of $43,000, but no future noneconomic damages.  While the jury awarded

the same amount ($43,000.00) - which Plaintiff testified was the amount of his lost wages - that does not necessarily demonstrate confusion on the jury's part. Jurors are often asked to decide awards for pain and suffering (hedonic damages) in ratio to economic damages. If that is what happened here, it was a very conservative ratio. The court rejects Defendant's argument that the Plaintiff failed to supplement his initial disclosures on damages to include periods after he obtained employment in a new job paying more than his position with Defendant. His Initial Disclosure was adequate, and Defendant is not entitled to the benefit of a credit based on future earnings in excess of his income from Defendant.

Accordingly, Plaintiffs Motion to Amend Judgment to include Equitable Remedy of Back Pay (#134) is **GRANTED**

IT IS FURTHER ORDERED that Clerk of the Court enter an **AMENDED JUDGMENT** on the jury verdict in the amount of $343,000.00.

**Dated:**   1/9/2026

**KENT J. DAWSON**
UNITED STATES DISTRICT JUDGE